# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | |
| vs. ) | Case No. CR-09-21-M |
| ) | (CIV-10-1060-M) |
| TUESDAY SHALON JOHNSON, ) | |
| ) | |
| Defendant-Movant. ) | |

## ORDER

Defendant-Movant Tuesday Shalon Johnson ("Johnson"), a federal prisoner, has filed two Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On February 7, 2011, plaintiff-respondent United States of America filed its response to Johnson's motions, and on July 20, 2011, Johnson filed her reply.

I.  Background

On January 22, 2009, the grand jury empaneled to sit within the Western District of Oklahoma, returned a 42-count Indictment against Johnson and five co-defendants, alleging a conspiracy to possess with intent to distribute and to distribute 10 kilograms of cocaine base (crack), approximately 1 kilogram of cocaine powder, approximately one gallon of phencyclidine (PCP), and a quantity of marijuana, as well as specific instances of distribution of PCP, cocaine, and crack cocaine. On May 6, 2009, pursuant to a plea agreement, Johnson pled guilty to Count 25 of the Indictment, charging her with the distribution of a quantity of crack cocaine in violation of 21 U.S.C. § 841(a)(1).

Two days later, on May 8, 2009, Johnson filed a Motion to Withdraw Plea of Guilty. On May 29, 2009, the Court conducted a hearing on Johnson's motion, and on June 8, 2009, the Court entered an order denying Johnson's Motion to Withdraw Plea of Guilty. On September 25, 2009,

Johnson was sentenced to 240 months' imprisonment, followed by a three year term of supervised release. Johnson did not file an appeal to the Tenth Circuit.

II.  Discussion

As grounds for her § 2255 motions, Johnson asserts the following: (1) her plea of guilty was unlawfully induced and not made voluntarily or with any understanding of the nature of the charge or its consequences; (2) her conviction was obtained by a coerced confession; (3) her counsel was ineffective; (4) she was denied the right to appeal; and (5) there were technical defects in the Indictment. The government asserts Johnson's motions should be dismissed because in the plea agreement Johnson knowingly and voluntarily waived her right to collaterally challenge her guilty plea and the sentence imposed.

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). However, "a plea agreement waiver of post conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Id.* at 1187. "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." *Id.*

Because some of Johnson's ineffective assistance claims challenge the validity of her plea, the Court will address these ineffective assistance of counsel claims prior to addressing whether Johnson's waiver of her right to collaterally challenge her conviction and sentence was knowingly and voluntarily made. In relation to the validity of her plea, Johnson asserts that her counsel: (1) never explained the plea agreement to her; (2) did not advise her of the rights she would be giving

2

up; (3) did not provide her with a copy of the plea agreement; (4) told her as part of the plea she would not be sentenced to more than eight years; and (5) coerced her into taking the plea agreement.

When a defendant challenges a guilty plea based on ineffective assistance of counsel, a court applies the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Hamilton*, 510 F.3d 1209, 1216 (10th Cir. 2007). "To prevail under this test, [defendant] must show *both* (1) that counsel's performance was deficient *and* (2) that this deficiency prejudiced [her] defense." *Id.* (internal quotations omitted) (emphasis in original). To establish that her attorney's performance was constitutionally deficient, defendant must show that her attorney's performance "fell outside the wide range of competence demanded of attorneys in criminal cases." *Id.* (internal quotations omitted). To demonstrate that defendant suffered prejudice as a result of the alleged deficiency, defendant "must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Id.* (internal quotations omitted).

Having carefully reviewed the parties' submissions, as well as the Court file in this case, the Court finds that Johnson has failed to establish that she suffered prejudice from her counsel's failure to explain the plea agreement to her, her counsel's failure to explain to her the rights she would be giving up, or her counsel's failure to provide her with a copy of the plea agreement. At the change of plea hearing, the details of the plea agreement in this case were set forth and the Court thoroughly advised Johnson of the rights she would be giving up if she pled guilty. *See* Transcript of May 6, 2009 Change of Plea Hearing at pp. 4-5; 8-11. Because both the plea agreement and the rights Johnson would be giving up if she pled guilty were thoroughly discussed at the hearing, the Court

3

finds that Johnson has not shown that, but for her counsel's above-referenced failures, she would not have pleaded guilty and would have insisted on going to trial.

Additionally, the Tenth Circuit has held that "[a] miscalculation or erroneous estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Johnson states that her counsel told her she would not be sentenced to more than eight years. This statement, however, turned out to be erroneous. Based upon the Tenth Circuit law set forth above, the Court finds that Johnson's counsel's erroneous estimation of her sentence is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.

Further, the Court finds that Johnson has also failed to establish that she suffered prejudice from her counsel's inaccurate sentence prediction. In the plea agreement in this case, Johnson acknowledged that she "understood that the sentence to be imposed upon [her] is within the sole discretion of the Court." Plea Agreement [docket no. 301] at ¶ 16. Johnson also acknowledged these same principles at the plea hearing:

> THE COURT: Do you understand that the sentence that you will receive is solely a matter within the control of the judge and while the Court assumes that you hope to receive leniency, are you prepared, Ms. Johnson, to accept any punishment permitted by law which this Court sees fit to impose?
>
> THE DEFENDANT: Yes, ma'am.

Transcript of May 6, 2009 Change of Plea Hearing at p. 7, ln. 13-19. Given the fact that Johnson pleaded guilty even after acknowledging the above, the Court finds Johnson has not shown that, but for her counsel's statement that she would not be sentenced to more than eight years, she would not have pleaded guilty and would have insisted on going to trial.

4

Finally, Johnson asserts that her counsel coerced her into taking the plea agreement. Johnson's bald allegation, however, is contradicted by her sworn testimony at the change of plea hearing. At that hearing, Johnson stated as follows:

> THE COURT: Is your plea of guilty being made voluntarily and completely of your own free choice?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Have you been forced or threatened in any way or promised anything by any person to plead guilty here today?
>
> THE DEFENDANT: No, ma'am.

Transcript of May 6, 2009 Change of Plea Hearing at p. 6, ln. 24 - p.7, ln. 5.

Accordingly, for the reasons set forth above, the Court finds that Johnson's counsel was not ineffective and further finds that said actions by Johnson's counsel do not render Johnson's plea involuntary. The Court, therefore, finds that Johnson is not entitled to relief on this basis.

Because Johnson's remaining claims would fall within her waiver of her right to collaterally challenge her conviction and sentence[1], the Court must now address whether said waiver is expressly stated in the plea agreement and whether both Johnson's plea and said waiver were knowingly and voluntarily made. The Tenth Circuit has adopted a three-prong analysis for evaluating the enforceability of a plea agreement containing a waiver of appellate rights. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).[2] When assessing the enforceability of a plea

---

[1] Any analysis regarding Johnson's waiver of her right to collaterally challenge her conviction and sentence is necessarily determinative of her claim that she was denied her right to appeal, as that claim is tied to the waiver of her right to appeal that was included in the plea agreement alongside the waiver of her right to collaterally challenge.

[2] The same standard applies to waivers of collateral review. *United States v. Wales*, No. 05-3445, 2006 WL 950655, at *2 (10th Cir. April 13, 2006).

agreement containing a waiver of rights, courts must determine: "(1) whether the disputed [issue] falls within the scope of the waiver . . .; (2) whether the defendant knowingly and voluntarily waived his . . . rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *Id.* at 1325.

      A.    <u>Scope of the waiver</u>

In determining the scope of a waiver of collateral rights, a court strictly construes the language thereof and resolves any ambiguities against the government. *Id.*

Paragraph 8 of Johnson's plea agreement provides:

> 8. Defendant understands that the Court will consider those factors in Title 18, United States Code, Section 3553(a) in determining her sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which she is pleading guilty. Defendant further understands that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, give her the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives her right to:
>     a. Appeal or collaterally challenge her guilty plea, sentence and restitution imposed, and any other aspect of his [sic] conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;
>     b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, her sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7.
>     c. It is provided that defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case.

Plea Agreement at ¶ 8.

The Court finds that the above-quoted provision effects a broad and unambiguous waiver of Johnson's appeal and collateral attack rights. The Court further finds that the remaining claims Johnson asserts in her § 2255 motions fall within Johnson's waiver of collateral attack rights, and specifically within paragraph 8 of the Plea Agreement.

B.   Knowing and Voluntary

Under the second prong of its analysis, the Court must determine whether Johnson's plea and waiver were made knowingly and voluntarily.[3] Johnson bears the burden of presenting evidence from the record that substantiates her allegation of involuntariness. *See Hahn*, 359 F.3d at 1329 (citing *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003)).[4] Further, when deciding whether a waiver is knowing and voluntary, the Court looks to two factors: (1) whether the plea agreement "states that the defendant entered the agreement knowingly and voluntarily," *Hahn*, 359 F.3d at 1325; and (2) whether the waiver was adequately explained to the defendant during a Federal Rule of Criminal Procedure 11 colloquy. *Id.*

In this case, the plea agreement expressly provides that Johnson "knowingly and voluntarily waives her right to . . . [a]ppeal or collaterally challenge" her guilty plea and sentence. Plea Agreement at ¶ 8. The plea agreement further provides, in the paragraph immediately preceding Johnson and her attorney's signatures, that "defendant acknowledges that she has discussed [the plea agreement's] terms with her attorney and understands and accepts those terms." *Id.* at ¶ 18.

---

[3]The Court would note that in its order denying Johnson's Motion to Withdraw Plea of Guilty, the Court specifically found that Johnson's plea was knowing and voluntary. *See* June 8, 2009 Order [docket no. 366] at 3.

[4]As set forth above, the Court finds that Johnson's claims of ineffective assistance of counsel regarding the validity of her plea do not render her plea involuntary.

Additionally, during her change of plea hearing, the Court asked Johnson whether her plea of guilty was the result of a plea agreement with the government, to which she responded in the affirmative. Change of Plea Transcript at p. 7, ln. 20-23. The Assistant United States Attorney prosecuting the case then summarized the relevant terms and conditions of the plea agreement, specifically noting:

> There is in paragraphs 8 and 9 specific conditions for waivers of right to appeal and bring collateral challenge both by the Defendant and by the United States. Basically if the Court sentences her within or below the advisory guideline range determined to be applied to her, she has waived her right to appeal. Similarly, if the Court sentences within or above the advisory guideline range determined at the sentencing hearing, the United States has waived its rights as well.

*Id.* at p.8, ln. 25 - p.9, ln. 7. The Court then engaged in the following colloquy with Johnson:

> THE COURT: Ms. Tuesday Johnson, you have heard counsel talk about your Plea Agreement in this case. Are her statements accurate and represent what you understand to be your own Plea Agreement?
>
> THE DEFENDANT: Yes, ma'am.
>
>    *   *   *
>
> THE COURT: . . . Let me ask you . . . I just want to ask you one particular thing about the Plea Agreement that you entered into, Ms. Johnson, Tuesday Shalon Johnson. One of the terms deals with your waiving or giving up your right to appeal the sentence of the Court, except under some very limited circumstances. I'm sure your attorney, Ms. Judith Johnson, has gone over that with you. You heard Ms. Maye disclose some of that today in open court. I just want to hear from you in your own words what it means to you to waive your right to appeal, to give up your right to appeal. What does that mean?
>
> THE DEFENDANT: That once I'm sentenced in the case, that I will not be able to go back and appeal anything on my case or on my sentencing.

8

> THE COURT: Very well. Unless one of those exceptions kick in, for example, if the Court would sentence you in a range higher –
>
> THE DEFENDANT: – than the guidelines, yes, ma'am.
>
> THE COURT: – above the advisory guideline range, then in that instance, your right to appeal would be restored.
> The Court is satisfied that you understand what you are giving up in that regard.

*Id.* at p. 10, ln. 2-6; p. 10, ln. 16 - p. 11, ln. 12.

In light of the above, the Court finds that Johnson knowingly and voluntarily entered into her plea agreement and knowingly and voluntarily waived her right to collaterally challenge her sentence and conviction.

### C. Miscarriage of Justice

The third prong of the Court's analysis requires that it determine "whether enforcing the waiver will result in a miscarriage of justice." *Hahn*, 359 F.3d at 1327. A "miscarriage of justice" results only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)). A waiver is "otherwise unlawful" only if the court committed plain error that affects a defendant's "substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993); *see also Hahn*, 359 F.3d at 1327, 1329. To affect a defendant's "substantial rights," the error must seriously affect "the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal quotations omitted); *see also Hahn*, 359 F.3d at 1327, 1329.

9

The Court begins by noting that Johnson has not alleged the Court relied upon any impermissible factor at sentencing, that Johnson's sentence does not exceed the statutory maximum, and that the Court has previously found no ineffective assistance of counsel in connection with the negotiation of the plea and waiver. Additionally, after carefully reviewing the parties' submissions, the Court finds that enforcement of Johnson's collateral attack waiver will not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

D. Conclusion

Accordingly, for the reasons set forth above, the Court finds that Johnson's waiver of her right to collaterally challenge her conviction and sentence should be enforced and that the remaining claims Johnson asserts in her § 2255 motions are barred by said waiver.

III. Evidentiary Hearing

As set forth above, Johnson's motions do not set forth a basis for relief from her sentence or conviction. Because that conclusion is conclusively shown from the record and from the nature of Johnson's claims, the Court finds there is no need for an evidentiary hearing on this motion. 28 U.S.C. §2255; *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988).

IV. Conclusion

Accordingly, the Court DENIES Johnson's Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 16th day of September, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE